UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TROY CASTILLO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-0332-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| KEVIN INGRAM; *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 21), filed by Defendants Kevin Ingram, David Spencer, Mark Zane, James Nadeau, James Colbert and Robert Uithoven in their official capacities. Plaintiff Troy Castillo filed a Response, (ECF No. 23), to which Defendants replied, (ECF No. 24).

**I.     BACKGROUND**

This case centers upon constitutional challenges to several provisions of Nevada's licensing scheme for private investigators. (Compl., ECF No. 1). Plaintiff Troy Castillo is a resident of California and a twenty-nine year veteran of the Palm Springs Police Department who wishes to work as a private investigator in Nevada. (*Id.* at 5:22-25). Plaintiff was issued a Nevada private investigator's license in 2012, which was held in abeyance until his retirement as a police officer in 2013. (*Id.* at 5:15-17). However, due to Plaintiff's concerns regarding the statutory provisions at issue in this case, he has ceased his business operations in Nevada. (*Id.* at 5:18-20). Plaintiff currently works as a private investigator in California, and does not maintain a business office or own a residence in Nevada. (*Id.* at 5:15-20).

1    Plaintiff challenges three provisions of Nevada law which set forth requirements
2 pertaining to private investigators in Nevada.  The first of these is Nev. Rev. Stat. § 648.100(2),
3 which provides that any applicant for a Nevada private investigator's license must undergo a
4 background and character investigation.  Pursuant to this provision, out-of-state applicants must
5 pay for the entire cost of the investigation, while Nevada residents are only liable for up to
6 $1,500 of the investigation's cost. Nev. Rev. Stat. § 648.100(2).  Plaintiff argues that this
7 provision discriminates against out-of-state residents without legal justification, and therefore
8 violates the Commerce Clause, the Privileges and Immunities Clause of Article IV, and the
9 Equal Protection Clause of the Fourteenth Amendment. (Compl. 10:5-11:12).

10    The second provision at issue in this case is Nev. Rev. Stat. § 648.148, which requires
11 that licensees "[m]aintain a principal place of business in [Nevada]."  Plaintiff argues that this
12 provision discriminates against out-of-state private investigators by requiring that they incur the
13 substantial cost of maintaining a business office in Nevada, while allowing in-state private
14 investigators to avoid this cost by designating their residence as their principal place of
15 business. (Compl. 7:22-8:4).  Based on this alleged competitive advantage to in-state residents,
16 Plaintiff argues that this provision violates the Commerce Clause, the Privileges and
17 Immunities Clause of Article IV, and the Due Process Clause of the Fourteenth Amendment.
18 (*Id.* at 7:9-15).

19    Additionally, Plaintiff challenges Nev. Rev. Stat. § 648.060, which provides that
20 individuals may not work as private investigators in Nevada unless they are licensed by the
21 state.  Plaintiff claims that the requirement that he obtain a license infringes his rights under the
22 Free Speech Clause and is unrelated to public health, safety, or welfare. (Compl. 10:24-11:5).
23 Plaintiff also asserts that the statute's definition of a "private investigator" is facially overbroad,
24 which infringes upon his rights under the Free Speech Clause. (*Id.* at 11:20-12:17).
25    In the instant Motion, Defendants assert, *inter alia*, that Plaintiff lacks standing to raise

the constitutional challenges at the center of this case and that the issues set forth in the Complaint are not ripe for the Court's review. Therefore, Defendants request that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). However, when ruling on a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept all factual allegations in a complaint as true. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004).

Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting U.S. Const., art. III, § 2). Standing is a core component of the Article III case or controversy requirement and focuses on whether the action was initiated by the proper plaintiff. *See, e.g.*, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Driehaus*, 134 S. Ct. at 2341 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Additionally, "[t]he ripeness doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014). "For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite." *Id.* at 838. It is widely recognized that "the constitutional component [of the ripeness doctrine] overlaps with, and is often indistinguishable from, the 'injury in fact prong' of [the court's] standing analysis." *Id.* at 839.

In this case, Defendants' arguments relating to standing and ripeness ultimately turn upon the same issue—whether the Court may consider Plaintiff's constitutional challenges despite the fact that no action has yet been initiated against him. When determining if there is a sufficient injury in fact (or sufficient ripeness) for a plaintiff to raise a pre-enforcement challenge, the Court considers: (1) whether the plaintiff articulates a concrete plan to violate the law"; (2) "whether the government has communicated a specific warning or threat to initiate proceedings under the statute"; and (3) "the history of past prosecution or enforcement under the statute." *Id.* (internal quotations omitted). The Court will address each of these considerations in turn.

### A.  Concrete Plan to Violate the Law

In asserting a concrete plan to violate the challenged statute, it is not sufficient for a plaintiff to express "a general intent to violate a statute at some unknown date in the future." *Wolfson v. Brammer*, 616 F.3d 1045, 1059 (9th Cir. 2010). Instead, "the plaintiff must establish a plan that is more than hypothetical." *Id.* (internal quotations omitted).

In this case, Plaintiff has failed to allege a concrete plan to violate any of the provisions at issue. Plaintiff has not expressed that he will refuse to pay the background-investigation fee set forth in Nev. Rev. Stat. § 648.100(2). In fact, by acknowledging that Plaintiff was issued a Nevada private investigator's license in 2012, the Complaint implies that Plaintiff has already

paid the background-investigation fee.[1]

Plaintiff has also failed to allege a concrete plan to violate Nev. Rev. Stat. § 648.148. Quite the contrary, the Complaint states that Plaintiff has refrained from working as a private investigator in Nevada out of concern that he might violate this requirement by failing to maintain a place of business in Nevada. (Compl. 5:18-20).  Therefore, falling well short of establishing a concrete plan to violate Nev. Rev. Stat. § 648.148, Plaintiff has failed to allege even a hypothetical plan to violate this provision.

Similarly, Plaintiff has failed to set forth a concrete plan to violate Nev. Rev. Stat. § 648.060.  Plaintiff makes clear that, despite his wishes, he does not intend to work as a private investigator in Nevada while the challenged provisions are in place.  Furthermore, even if he began such work in the near future, the Complaint does not allege that Plaintiff lacks a Nevada private investigator's license.  Indeed, the allegations in the Complaint indicate that Plaintiff was issued a license in 2012, (Compl 6:16-17), and there is no indication that his license has expired or been invalidated.  Therefore, as the Complaint implies that Plaintiff is properly licensed in Nevada, he has failed to establish a concrete plan to work as a private investigator without a license.

**B.   Specific Warning or Threat to Initiate Proceedings**

Plaintiff has also failed to demonstrate that Defendants have communicated a specific warning or threat to initiate proceedings under the challenged provisions.  In regard to Nev. Rev. Stat. § 648.100(2), it would be rather confounding for the Defendants to threaten an action, as it appears that Plaintiff has already paid the required fee.  Nevertheless, Plaintiff has failed to allege that there has been any implication that action will be taken against him based on this provision.

---

[1] Furthermore, the Complaint is devoid of any implication that Plaintiff was forced to pay in excess of $1,500 due to his status as an out-of-state applicant.  Therefore the Plaintiff has failed to allege that he suffered an injury in fact as a result of the disparity in the provision.

Plaintiff has also failed to allege that there has been a specific threat to enforce Nev. Rev. Stat. § 648.148 against him. Instead, the fact that Plaintiff was issued a Nevada private investigator's license in 2012 despite his lacking a place of business in the state weighs against the notion that Defendants are inclined to initiate proceedings against him.

A more lenient standard applies under this prong to Plaintiff's challenges against Nev. Rev. Stat. § 648.060. In pre-enforcement actions alleging a violation of an individual's First Amendment right to free speech, a plaintiff "need only demonstrate that a threat of potential enforcement will cause him to self-censor, and not follow through with his concrete plan to engage in protected conduct." *Bowen*, 752 F.3d at 839. However, the Court does not reach the question as to whether Plaintiff has satisfied this standard, as he has failed to satisfy the other prongs of the injury-in-fact analysis.

### C. History of Prosecution or Enforcement

Plaintiff has also failed to establish any history of prosecution or enforcement under Nev. Rev. Stat. §§ 648.100(2) and 648.148. Plaintiff points to no past instances in which proceedings were raised against a private investigator in Nevada for failure to pay a full background investigation fee or failing to maintain a place of business. As for his challenge against Nev. Rev. Stat. § 648.060, Plaintiff cites a case in which legal action was taken against unlicensed individuals suspected of performing work as private investigators, *State v. Tatalovich*, 309 P.3d 43 (Nev. 2013); however Plaintiff does not refer to any cases in which an action was raised pursuant to this provision against an individual who possessed a valid Nevada private investigator's license. Because Plaintiff has not alleged that he does not possess a valid license, *Tatalovich* is inapposite to the instant case. Accordingly, the Court finds that Plaintiff has failed to show that any of these provisions has a history of prosecution or enforcement that satisfies the final prong of the injury-in-fact analysis.

Accordingly, the Court finds that Plaintiff has failed to establish a concrete plan to

violate the challenged provisions and show that there is a history of these provisions being enforced against similarly situated individuals.  Furthermore, Plaintiff has failed to demonstrate that there has been a specific threat or warning that Defendants will initiate proceedings against him pursuant to Nev. Rev. Stat. §§ 648.100(2) or 648.148.  Therefore Plaintiff lacks standing to raise the instant action, and the Court will grant the Defendants' Motion to Dismiss.  Because Plaintiff may be able to cure the deficiencies identified herein, the Court will dismiss the Complaint without prejudice.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 25, 2015**, to file an Amended Complaint in this action.  Failure to file by this deadline will result in **dismissal with prejudice**.

**DATED** this 5th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court