**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Troy Castillo,

           Plaintiff,

vs.

Kevin Ingram; *et al.*,

           Defendants.

Case No.: 2:14-cv-0332-GMN-PAL

**ORDER**

    Pending before the Court is the Motion for Sanctions, (ECF No. 52), filed by Defendants Kevin Ingram, David Spencer, Mark Zane, James Nadeau, James Colbert, and Robert Uithoven. Plaintiff Troy Castillo filed a Response, (ECF No. 55), to which Defendants replied, (ECF No. 57).

    Also before the Court is Defendants' Motion for Attorney Fees. (ECF No. 56). Plaintiff filed a Response, (ECF No. 60), to which Defendants replied, (ECF No. 61). For the reasons set forth herein, the Court will deny these Motions.

**I.   BACKGROUND**

    This case centered upon constitutional challenges to several provisions of Nevada's licensing scheme for private investigators. (Am. Compl., ECF No. 29). Plaintiff Troy Castillo is a resident of California and a twenty-nine year veteran of the Palm Springs Police Department, who sought to work as a private investigator in Nevada. (*Id.* at 2:6-9, 5:12-13). Plaintiff was issued a Nevada private investigator's license in 2012, which was held in abeyance until his retirement as a police officer in 2013. (*Id.* at 5:20-22). However, due to Plaintiff's concerns regarding the statutory provisions at issue in this case, he ceased his business operations in Nevada. (*Id.* at 6:1-5). Plaintiff currently works as a private investigator in California, and does not maintain a business office or own a residence in Nevada. (*Id.* at

2:10-13).

Plaintiff challenged two provisions of Nevada law which set forth requirements pertaining to private investigators in Nevada. The first was Nev. Rev. Stat. § 648.148, which requires that licensees "[m]aintain a principal place of business in [Nevada]." Plaintiff argued that this provision discriminates against out-of-state private investigators by requiring that they incur the substantial cost of maintaining a business office in Nevada, while allowing in-state private investigators to avoid this cost by designating their residence as their principal place of business. (Am. Compl. 10:1-4). Based on this alleged competitive advantage to in-state residents, Plaintiff argued that Nev. Rev. Stat. § 648.148 violated the Commerce Clause, the Privileges and Immunities Clause of Article IV, and the Due Process Clause of the Fourteenth Amendment. (*Id.* at 9:13-19).

Plaintiff also challenged Nev. Rev. Stat. § 648.060, which provides that individuals may not work as private investigators in Nevada unless they are licensed by the state. Plaintiff claimed that this licensing requirement infringed his rights under the Free Speech Clause. (Am. Compl. 12:1-10). Plaintiff additionally asserted that the statute's definition of a "private investigator" was facially overbroad, thereby infringing his rights under the Free Speech Clause. (*Id.* at 12:21-24).

On February 5, 2015, the Court dismissed Plaintiff's original Complaint, (ECF No. 1), finding that Plaintiff lacked standing to assert his claims because the Complaint did not show that Plaintiff had a concrete plan to violate any of the challenged provisions or that there had been any history of prosecution or enforcement of these provisions against similarly situated individuals. (Dismissal Order, ECF No. 28). In that same Order, the Court granted leave for Plaintiff to file an amended complaint to cure the deficiencies in the original Complaint. (*Id.* at 7:12-14).

Plaintiff filed his Amended Complaint on February 20, 2015. (ECF No. 29). On

February 26, 2015, Defendants filed an Unopposed Motion to Extend Time to respond to the Amended Complaint. (ECF No. 31). The Court granted this Motion on February 27, 2015, and stated that Defendants had until March 30, 2015, to file an answer or otherwise respond to the Amended Complaint. (ECF No. 32). On March 16, 2015, Defendants filed a Motion requesting that the response deadline be further extended to April 30, 2015. (ECF No. 34). This Motion was retroactively granted by the Court on May 6, 2015. (ECF No. 46).

On April 22, 2015, prior to the Court's granting the second extension, Plaintiff filed a Motion for Default Judgment, which noted that Defendants had failed to file a response by the previously established deadline. (ECF No. 42). Defendants filed a Motion to Dismiss the Amended Complaint on April 30, 2015, which was ultimately rendered timely when the Court granted Defendants' Second Motion to Extend Time. Subsequently, on May 21, 2015, Plaintiff withdrew his Motion for Default Judgment, acknowledging that the request was moot following the Court's extension of the response deadline. (ECF No. 49). On June 5, 2015, the Court dismissed the Amended Complaint with prejudice, finding that Plaintiff lacked standing to assert the claims set forth therein. (ECF No. 53). In the instant Motions, Defendants argue that they are entitled to sanctions and attorney fees pursuant to 28 U.S.C. § 1927.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Prior to issuing an attorney fee award under § 1927, a district court must make a finding of subjective bad faith. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792

F.2d 858, 860 (9th Cir. 1986).

It is well established that district courts bear "substantial leeway" in deciding whether sanctions are warranted pursuant to § 1927. *Haynes v. San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012); *see also Trulis v. Barton,* 107 F.3d 685, 694 (9th Cir. 1995) ("District courts enjoy much discretion in determining whether and how much sanctions are appropriate.").

### III.  DISCUSSION

In the instant Motions, Defendants argue that they are entitled to sanctions and attorney fees because Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this case. In their first Motion, Defendants argue that Plaintiff's April 22, 2015 Motion for Default Judgment was filed in bad faith. In the second Motion, Defendants argue that this entire action was frivolous from the outset. The Court will address each of these contentions in turn.

**A. Sanctions Regarding Plaintiff's Motion for Default Judgment**

Defendants argue that Plaintiff's Motion for Default Judgment filed on April 22, 2015, was vexatious and frivolous. In support, Defendants assert that it was disingenuous for Plaintiff not to file an opposition to Defendants' Second Motion to Extend Time but nonetheless seek default judgment when Defendants did not file a response by the previously established deadline.

Although it may seem inconsistent that Plaintiff sought default judgment after not opposing Defendants' request for an extension, such a discrepancy does not demonstrate bad faith. Indeed, it is well established that until an extension is granted, deadlines set by the Court remain binding. *See, e.g.*, *In re Mouradick*, 13 F.3d 326, 328 (9th Cir. 1994). In this case, though Defendants requested on March 16 that the deadline to respond to the Amended Complaint be extended to April 30, the prior deadline of March 30 remained in effect until the extension was retroactively granted on May 6. Thus, when Plaintiff filed the Motion for Default Judgment on April 22, he was not incorrect in stating that Defendants had failed to

respond by the established deadline.  Therefore, while the subsequent extension of the deadline rendered Plaintiff's Motion moot, that Motion presented a non-frivolous request at the time of its filing.  Accordingly, the Court finds that Plaintiff's April 22, 2015 Motion for Default Judgment was not filed in bad faith, and will decline to issue sanctions based on this conduct.

### B. Attorney Fees Regarding the Action in its Entirety

Defendants argue that, from its inception, this entire case was frivolous.  In support, Defendants assert that Plaintiff admitted, before the original Complaint was filed, that the provisions he sought to challenge were aimed at out-of-state private investigators with Nevada employees rather than individuals, like Plaintiff, seeking to work as private investigators themselves. (Mot. for Atty. Fees 12:23-27, ECF No. 56).  In addition, Defendants point out that an employee of Nevada's Private Investigators Licensing Board sent an email to Plaintiff on January 21, 2015, which directly stated that Plaintiff did not need a Nevada address, because he did not have any employees. (Attachment 2 to Hix Decl., ECF No. 36-5).  Based on this, Defendants contend that Plaintiff's counsel knew from the outset that Plaintiff lacked standing, and therefore the Complaint must have been filed in bad faith.

While it is true that Plaintiff's claims were ultimately unsuccessful, this outcome, standing alone, does not indicate bad faith.  Indeed, though Plaintiff may have acknowledged that the laws he challenged were originally intended to be narrow in scope, such an understanding would not have precluded Plaintiff's counsel from earnestly believing that Plaintiff had standing to assert his claims based on Defendants' ability to spontaneously broaden their interpretation of these provisions in the future.  Similarly, Plaintiff's argument that he possessed standing because he would eventually be forced to renew his license was a non-frivolous attempt to justify the timing of this action that does not ring of bad faith.

///

///

1   Therefore, because Plaintiff presented non-frivolous arguments which attempted to
2   establish standing to raise the claims in the Complaint, the Court does not find that his counsel
3   acted in bad faith.  Accordingly, the Court will decline to award attorney fees in this case.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Sanctions, (ECF No. 52), and the Motion for Attorney Fees, (ECF No. 56), are **DENIED**.

**DATED** this  27  day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court